# Ehly *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railways—Permissive crossing—Infant—Evidence—Case for jury.*

1. The question of whether there was a permissive crossing over a railroad at a particular point is for the jury where the evidence tends to prove that at the point in question there was an established path crossing the track leading up to an embankment through an opening in a high board fence to a public street; that no attempt had been made for a period of years to close the opening; that the lower and middle stringers of the fence had been removed and the upper stringers showed no nail marks indicating that boards had ever been attached to them; that in repairing other parts of the fence this opening had not been touched; and that a number of residents in the neighborhood as well as several hundred mill employees habitually used the crossing.

2. In such a case it is immaterial that the trial judge may have referred to the fact that nobody had ever been arrested or interfered with for using the opening, where it does not appear that he stated that from this fact alone the jury might infer the existence of a permissive crossing.

3. Where a railroad company has for years, without objection, permitted the public to cross its tracks at a certain point not in itself a public crossing, it owes the duty of reasonable care towards those using the crossing; and whether in a given case such reasonable care has been exercised, or not, is ordinarily a question for the jury under all the evidence.

4. In an action against a railroad company to recover damages for personal injuries to an infant of tender years, the case is for the jury where it appears that the child went over the tracks at a permissive crossing, and was struck by a light engine running pilot first which had not given any warning signals of its approach.

*Negligence—Infant—Pain and suffering.*

5. In an action against a railroad company to recover damages for personal injuries to an infant child, the pain and suffering of the child may be considered by the jury, although at the time of the trial it appeared that the child had recovered from the injuries from the accident, but had thereafter died of diphtheria.

Argued Oct. 17, 1913.  Appeal, No. 133, Oct. T., 1913, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1909, No. 1,058, on verdict for plaintiff in case of Charles Ehly, Administrator of Estate of William T. Ehly, deceased, *v.* Philadelphia & Reading Railway Company.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Affirmed.

Trespass to recover damages for personal injuries to an infant eighteen months old.  Before AUDENRIED, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Wm. Clarke Mason*, for appellant, cited: Leithhold v. Ry. Co., 47 Pa. Superior Ct. 137; Oil City & Petroleum Bridge Co. v. Jackson, 114 Pa. 321; Moore v. R. R. Co., 99 Pa. 301; McMullen v. R. R. Co., 132 Pa. 107; Clark v. P. & R. R. R. Co., 5 W. N. C. 119.

*Augustus Trask Ashton* and *Victor Frey,* for appellee, cited: Taylor v. Canal Co., 113 Pa. 162; Cauley v. R. R. Co., 95 Pa. 398; Forno v. R. R. Co., 234 Pa. 538.

OPINION BY HEAD, J., April 20, 1914:

There is ample evidence tending to prove that at the point where the plaintiff's intestate was injured there had existed for a long time a permissive crossing over the defendant's right of way. The photographs offered in evidence at the trial corroborated the oral testimony. From both it appeared there was a well-established path crossing the tracks leading up an embankment on one side of the railroad, through an opening in a high board fence, to a public street. This opening was in constant use, not only by the families who lived in perhaps a dozen isolated dwelling houses but also by the several hundred employees of two or three mills located near by. Although it appeared from the admissions of some of the plaintiff's witnesses that in years gone by the defendant company had sought to close this opening, yet they nearly all declared that for quite a period of years last past no attempt had been made to interfere with the particular opening at which the path terminated. · It was shown that at this opening the middle and lower stringers of the fence had been removed and that the upper stringer exhibited· no nail marks or other visible evidence to show that boards had ever been attached. That, during recent years, when the defendant repaired its fence, replacing odd boards removed by individuals for their own personal convenience, no attempt was made to close this particular opening which seems to have subserved a common purpose. These are but illustrations of what was testified to by practically the entire line of the plaintiff's witnesses. The defendant offered no evidence. Under these circumstances, we repeat there was, in our judgment, ample evidence to support the conclusion of the jury that there was at the point referred to a permissive crossing.

The first assignment of error complains, that in submitting this question to the jury, the learned trial judge referred to the fact that nobody had ever been arrested or interfered with in any way for using this opening. According to the testimony that was a fact. The learned trial judge did not undertake to say that the jury might conclusively infer from this fact alone the existence of a permissive crossing. It is therefore not easy to see how his reference to that fact could constitute reversible error. The first assignment is dismissed.

The existence of a permissive crossing having been found, the consequent obligation imposed by the law on the defendant company is thus stated by Mr. Justice STERRETT in Taylor *v.* D. & H. Co., 113 Pa. 162: "While such use does not convert the company's right of way into a public highway, it certainly does relieve persons passing on the same from being treated as trespassers on the company's premises; and there is a manifest distinction between the degree of care which a railroad company is bound to exercise towards mere trespassers and those who may be using the right of way by tacit consent or implied permission of the company. In the case of such long continued use by the public, the company and its employees are charged with notice of the fact, and therefore cannot with impunity neglect precautions to prevent danger to persons thus using the same. . . . The principle clearly settled by the foregoing, and many other cases that might be cited, is, that when a railroad company has for years, without objection, permitted the public to cross its tracks at a certain point not in itself a public crossing, it owes the duty of reasonable care towards those using the crossing; and whether in a given case such reasonable care has been exercised, or not, is ordinarily a question for the jury under all the evidence." The learned trial judge could not therefore have directed a verdict for the defendant, and this being true, the motion for judg-

ment non obstante veredicto was properly refused. The action of the court below, in these respects, is the subject of the third and fourth assignments of error and they must be overruled.

There was evidence tending to show that the infant child, for whom this suit was brought, was injured while attempting to cross the defendant's tracks on the line of the permissive crossing referred to and that this injury was caused by a light engine running pilot first which had not given any warning signals of its approach. It is quite possible, considering the extremely tender age of the infant injured, that no warning by whistle or bell would have been adequate to have prevented the unfortunate accident so far as the child itself was concerned. But the circumstances were such that if the engineer, affected with notice of the manner in which this crossing was used, had approached it at moderate speed, keeping a sharp lookout, he might have seen the child in time to have stopped his engine; or proper warnings of the approaching engine might have brought aid to the child in time to remove it from danger. The entire circumstances of the case are so unusual that the determination of the measure of the defendant's obligation became peculiarly a question of fact for the jury.

As a result of the accident the child lost its right leg and remained in the hospital for a considerable period. It appears, however, to have survived the consequences of the accident and suit was brought in its lifetime to recover compensation for the injury it had sustained, as alleged, by the negligent act of the defendant. Before the case reached trial the infant plaintiff died from an attack of diphtheria and an administrator was substituted as plaintiff. Had the child survived to the date of trial, it could have certainly recovered, if otherwise entitled, for the pain and suffering it had endured. The amount to be allowed as compensation for such pain and suffering cannot be measured by any known rule of law.

It has always been and must necessarily be determined by the good sense and conscience of the jury as applied to the particular facts of the case following proper instructions from the trial judge. As we view it this question was fairly submitted. An examination of the charge in this respect fails to convince us that the learned trial judge fell into any error in his instructions on this branch of the case.

We are urged to conclude that the jury awarded a larger sum than was justified under the circumstances of the case. Even if this be true, the verdict is not in itself so unconscionable as would warrant us in declaring that the learned trial judge had abused his discretion in failing to set it aside and in entering judgment upon it. The second assignment cannot therefore be sustained.

Judgment affirmed.